PRISONER'S CIVIL RIGHTS COMPLAINT (Rev. 12/2023)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
_Dallas_ Northern _____ **DIVISION**

NORTHERN DISTRICT OF TEXAS
**FILED**

OCT 21 2024

CLERK, U.S. DISTRICT COURT
By _____
Deputy

DONALD W. MANESS #00574715
Plaintiff's Name and ID Number

Polunsky Unit 3872 FM 350 South
Place of Confinement Livingston, TX. 77351

3-24CV2650-G

CASE NO. _____
(Clerk will assign the number)

v.

Elizabeth Draade N.P. FCI Seagoville
Defendant's Name and Address 2113 North Highway 175
Seagoville, TEXAS 75159

Roberto Garza, SCRN M.D.  FCI Seagoville
Defendant's Name and Address 2113 North Highway 175
Seagoville, TEXAS 75159

John Doe
Defendant's Name and Address
( DO NOT USE "ET AL.")

---

## INSTRUCTIONS - READ CAREFULLY

**NOTICE:**

**Your complaint is subject to dismissal unless it conforms to these instructions and this form**.

1.  To start an action you must file an original and one copy of your complaint with the court.  You should keep a copy of the complaint for your own records.

2.  Your complaint must be legibly handwritten, in ink, or typewritten.  You, the plaintiff, must sign and declare under penalty of perjury that the facts are correct.  If you need additional space, **DO NOT USE THE REVERSE SIDE OR BACK SIDE OF ANY PAGE.**  ATTACH AN ADDITIONAL BLANK PAGE AND WRITE ON IT.

3.  You must file a separate complaint for each claim you have unless the various claims are all related to the same incident or issue or are all against the same defendant, Rule 18, Federal Rules of Civil Procedure.  Make a short and plain statement of your claim, Rule 8, Federal Rules of Civil Procedure.

4.  When these forms are completed, mail the original and one copy to the clerk of the United States district court for the appropriate district of Texas in the division where one or more named defendants are located, or where the incident giving rise to your claim for relief occurred.  If you are confined in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID),  the list labeled as "VENUE LIST" is posted in your unit law library. It is a list of the Texas prison units indicating the appropriate district court, the division and an address list of the divisional clerks.

1

**FILING FEE AND *IN FORMA PAUPERIS* (IFP)**

1. In order for your complaint to be filed, it must be accompanied by the statutory filing fee of $350.00 plus an administrative fee of $55.00 for a total fee of **$405.00**.

2. If you do not have the necessary funds to pay the fee in full at this time, you may request permission to proceed *in forma pauperis*. In this event you must complete the application to proceed *in forma pauperis*, setting forth information to establish your inability to prepay the fees and costs or give security therefor. You must also include a current six-month history of your inmate trust account. If you are an inmate in TDCJ-CID, you can acquire the application to proceed *in forma pauperis* and the certificate of inmate trust account, also known as *in forma pauperis* data sheet, from the law library at your prison unit.

3. The Prison Litigation Reform Act of 1995 (PLRA) provides "... if a prisoner brings a civil action or files an appeal *in forma pauperis,* the prisoner shall be required to pay the full amount of a filing fee." *See* 28 U.S.C. § 1915. Thus, the court is required to assess and, when funds exist, collect, the entire filing fee or an initial partial filing fee and monthly installments until the entire amount of the filing fee has been paid by the prisoner. If you submit the application to proceed *in forma pauperis*, the court will apply 28 U.S.C. § 1915 and, if appropriate, assess and collect the entire filing fee or an initial partial filing fee, then monthly installments from your inmate trust account, until the entire $350.00 statutory filing fee has been paid. (The $55.00 administrative fee does not apply to cases proceeding *in forma pauperis*.)

4. If you intend to seek *in forma pauperis* status, do not send your complaint without an application to proceed *in forma pauperis* and the certificate of inmate trust account. Complete all essential paperwork before submitting it to the court.

**CHANGE OF ADDRESS**

It is your responsibility to inform the court of any change of address and its effective date. Such notice should be marked **"NOTICE TO THE COURT OF CHANGE OF ADDRESS"** and shall not include any motion for any other relief. Failure to file a NOTICE TO THE COURT OF CHANGE OF ADDRESS may result in the dismissal of your complaint pursuant to Rule 41(b), Federal Rules of Civil Procedure.

I. PREVIOUS LAWSUITS:

    A. Have you filed *any* other lawsuit in state or federal court relating to your imprisonment? ___YES _X_ NO

    B. If your answer to "A" is "yes," describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, giving the same information.)

        1. Approximate date of filing lawsuit:_____

        2. Parties to previous lawsuit:

        Plaintiff(s)_____

        Defendant(s)_____

        3. Court: (If federal, name the district; if state, name the county.)_____

        4. Cause number:_____

        5. Name of judge to whom case was assigned: _____

        6. Disposition: (Was the case dismissed, appealed, still pending?) _____

        7. Approximate date of disposition:_____

II.    PLACE OF PRESENT CONFINEMENT: Polunsky Unit 3872 Fm 350 South, Livingston, TX. 77351

III.   EXHAUSTION OF GRIEVANCE PROCEDURES:

Have you exhausted all steps of the institutional grievance procedure?     X YES ___NO

Attach a copy of your final step of the grievance procedure with the response supplied by the institution. See Attached #1

IV.    PARTIES TO THIS SUIT:

A. Name and address of plaintiff: Donald Wayne MANESS #00574715 IDCJID: Polunsky Unit, 3872 Fm 350 South, Livingston, Texas, 77351

B. Full name of each defendant, his official position, his place of employment, and his full <u>mailing</u> address.

Defendant #1: Elizabeth Osoade, Nurse Practitioner, FCI Seagoville Federal Prison, 2113 North Highway 175, Seagoville, TX. 75159

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
Falsified Documents, Deliberate indifference, Willful intent and Medical Negligence, Lack of Training

Defendant #2: Roberto Garza, SCRN. M.D., FCI Seagoville Federal Prison, 2113 North Highway 175, Seagoville, TX. 75159

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
Supervisor Liability, medical negligence, Deliberate Indifference Falsified Documents, Lack of Training,

Defendant #3: _____

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
_____

Defendant #4: _____

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
_____

Defendant #5: _____

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
_____

Exhaustion of Grievance Procedures:

While the said violation took place of 12-16-2022, I left Seagoville Prison on 04-28-2023. I did not discover I was sick with Cancers and other health issues until 05-23-2023, and I then began many tests and one Surgery which took my time up until I finished my Federal sentence and was released on 12-19-23 to be returned to State Custody at Byrd unit in Huntsville, TX. on 12-19-2023. It was not until March 13, 2024 that I would discover, via medical documents, that my 14th Amendment had been violated, and by whom, N.P. Elizabeth Osaade, and SCRN. M.D. Roberto Garza. On 04-29-2024 I filed a (5) five page letter with a (2) two page sworn Affadavit, to the "Bureau of Prison Supervisor, Administrative Remedy Program, FCI Seagoville, 2113 North Highway 175, Seagoville, TX. 75159-2237"; in an attempt to follow, the Exhaustion process through the U.S. mail. As of this date, No response has been given. I followed up with phone calls, all of which I can prove, and no assistance has been given. I mailed my letter, request and attempt through the indigent program and can prove it was sent on 04-29-24.

I have attempted to Exhaust the available remedies and have been denied. I Also was completely out of Federal Custody before discovering who, and to how, my rights were violated, and I declare this under the penalty of perjury.

Donald W. Maness
#00574715    09-23-2024

V.    STATEMENT OF CLAIM:

State here in a short and plain statement the facts of your case, that is, what happened, where did it happen, when did it happen, and who was involved. Describe how each defendant is involved. You need not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach extra pages if necessary, but remember the complaint must be stated briefly and concisely. IF YOU VIOLATE THIS RULE, THE COURT MAY STRIKE YOUR COMPLAINT.

I arrived at FCI Seagoville Prison on 12-07-2022 and upon intake was seen by Elizabeth Osaade, Nurse Practitioner. The only medication I took at this time was Simvastatin for High Cholesterol "HyperLipidemia." Nurse Osaade, in her "Clinical Encounter - Administrative Note" dated 12-07-2022, at 12:59 pm would state under "Assessments, E875-current" that I took said medication for "HyperKalemia" That is Not true. HyperKalemia is a serious disease of high Potassium in the blood and

See Attached: #1-6

VI.    RELIEF:

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

Compensatory Damages: $100,000.00    Punitive Damages: $100,000.00
Pain + Suffering Damages: $100,000.00    Nominal Damages: $1.00
From Both Defendants.    Loss of Chance: $100,000.00

VII.    GENERAL BACKGROUND INFORMATION:

A. State, in complete form, all names you have ever used or been known by including any and all aliases.

Donald Wayne Manuess, Donald W. Manuess, Donald Madness

B. List all TDCJ-CID identification numbers you have ever been assigned and all other state or federal prison or FBI numbers ever assigned to you.

TDCJ: 3646696, 381808, 574715. USM No. 43967-509. TX. 03184067 N.M. 6116404, OK. 3568334

VIII.    SANCTIONS:

A. Have you been sanctioned by any court as a result of any lawsuit you have filed?    ____YES  _X_NO

B. If your answer is "yes," give the following information for every lawsuit in which sanctions were imposed. (If more than one, use another piece of paper and answer the same questions.)

    1. Court that imposed sanctions (if federal, give the district and division):_____

    2. Case number:_____

    3. Approximate date sanctions were imposed:_____

    4. Have the sanctions been lifted or otherwise satisfied?    ____YES ____NO

4

No statin can treat that condition. But this clear error and misdiagnosis lays ground work for deliberate lies, intentional falsification of medical documents, and deliberate indifference to my medical rights under the 14th Amendment as a Pre-trial detainee. Both, Elizabeth Osaade, and her Supervisor, Roberto Garza, had ample opportunities to abate the risks involved in these actions and both chose not to. They both acted under color of state Law, and I will now outline the incidents that took place.

On 12-16-2022 at 10:05AM, Elizabeth Osaade would begin a Process "H+P" "HEALth and physical" or "History and Physical" which consists of 8 pages, front and back, with the back of page 8 having the Cosign of her Supervisor, Roberto Garza. On page #1, the Time frame. She states she began the H+P process at 10:05AM, and on page #15, states it is completed at 10:20AM, A total of (15) fifteen minutes. During this 15 minutes, she provides answers to approximately 300 questions, performs 7 vital signs, alleges to have conducted a full body physical, and provides notes under the heading "Other" and a host of other follow-up orders, all of which could not have been done in A 15 minute time frame unless it was done: sloppily, incorrectly and unprofessionally.

On page #1, under the heading "Infectious Disease Risk Factors" it asks if I have Tattoos. She states "NO." This is a Lie. I have over (25) Twenty five, and have had all of them since 2000, which I can prove. On page #9, under the heading "Nose" it asks "Septum Intact" and she states "YES." It also asks Two more questions; "Nares Patent" and "Midline Septum" and she would also answer YES. This is a Lie. My nose was broken and shattered so badly that I spent 14 days at UTMB-Galveston Hospital in October of 1986 to have my nose and ear's surgically repaired. And for the past 38 years, I cannot breathe from the left side of my nose. It closes completely.

On page #10, under the heading "Mouth" it asks: "Tonsils Present" and "Tonsils Normal" and she states YES To both.

These are both Lies. I had my Tonsils removed at Alvin Community Hospital, in Alvin, TEXAS, in the Late 1970's and my records will prove so. On Page #12, under the heading "Extremities" it ASKS: "VAricosities" and she states "NO." This is a Lie.

I have extreme VAricosities on both legs, from feet to Knee, and wear Compression socks as treatment for this. On page #13, under the heading "GU:" it begins with "Chaperoned by:" yet it is blank. Under "PREA" Prison Rape Elimination Act, I have the right to a Chaperone, when a physical is to be conducted by the opposite sex, I was not afforded that right, and this alleged Physical was never performed. It Also ASKS: Prostate Normal Size: She states "YES" and Prostate Nodules: and she states "NO." Both of these are Lies, and can be proven by evidence. According to Elizabeth Osaade, it would appear that I was in Excellent health, and her willful and deliberate Lies, would mask the truth that would be revealed by her Supervisor, Roberto Garza, who cosigned her paperwork on 12-16-2022 as having been done correctly, yet he, just five months and two weeks later, would file a "Clinical Encounter- Administrative Note" for a Urology appointment, with an "Urgent" priority due to an elevated "PSA" "Prostate Specific Antigen" of 36.61.

After much suffering, many tests, treatments and surgeries, for Prostate Cancer, Bladder Cancer, Chronic Kidney Disease 3A, and a host of other serious health issues, I would discover that Elizabeth Osaade, her intentional, willful and deliberate Lies, which hid these sicknesses and diseases, and the cosign by her Supervisor, Roberto Garza, were and are, the direct result of my deteriorated health and the fight to survive from the cancers which tried to take my Life.

On page #14 and #15, under the heading "Other" Elizabeth Osaade made notes, three of which are important. They are:

#1. 57 year old male inmate seen for H+P.

#2. Inmate is interested in getting appropriate screening Labratories.

#3. Recommended Labratory Screening for H+P ordered.

One of the "Recommended" Lab tests for men over 50, which I was, is for PSA Prostate which is used to detect prostate Cancer. She states all Recommended Labratory Screening for H+P was ordered and that is a Lie. She never ordered the PSA Prostate test, and Roberto Garza cosigned her paperwork as having been done properly and correctly, when it was not. Under the 14th Amendment Due Process, I have a Constitutional right to Adequate medical treatment. Elizabeth Osaade and Roberto Garza Knew that the Sole purpose of the H+P process was to discover Any and all Sickness, disease or ill health issues present, and as gate keeper, get them Addressed by the proper medical specialists.

Elizabeth Osaade made an intentional decision to Alter the proper process of an H+P screening by answering questions on the H+P paperwork with her own answers that are in direct Contradiction to the truthful answers and Roberto Garza co-signed. Elizabeth Osaades decision put me at substantial risk of suffering severe harm in that her answers gave the appearance I was in excellent health when in fact I was not, and Roberto Garza Cosigned. Nurse Osaade could have abated said risk by honestly and properly conducting the H+P screening with truthful answers based on the evidence which existed, yet she did not, and Roberto Garza cosigned. By not doing so, Elizabeth Osaade caused the injuries and suffering that I've endured, As well as future pain and suffering which I cannot avoid because of her Actions, and Roberto Garza Cosigned. All of this was done intentionally, willfully and deliberately which is much more than mere, or gross, negligence, and Roberto Garza cosigned.

Roberto Garza in his individual capacity, acting under color of state law, and as supervisor to Elizabeth Osaade, is liable for the 14th Amendment Due Process violations caused by Elizabeth Osaade and her falsification of the H+P medical process for the reasons listed below: As her supervisor, he knew that the purpose of the H+P screening was to discover any and all sickness, disease or medical issue and then get that information to the proper specialist for treatment. When Elizabeth Osaade requested his cosign to her medical paperwork, he had both, a duty, and an obligation to make sure her paperwork showed she performed her duties in an honest, professional manner. She alleges to have done (7) seven major vitals: "TEMPERATURE, Pulse, Respirations, blood pressure, Sa02, Height and weight", provided some 300 answers to specific questions, conducted a full body physical, taken blood for all lab work, all in a (15) fifteen minute time frame. He should have noticed that this is impossible, yet he did not.

Elizabeth Osaade clearly states that I wanted all laboratory screening, and that she ordered them. He should have reviewed her laboratory requests to ensure that all mandatory and/or required lab work was ordered, and he did not. Had he done so, he would have seen that no "PSA for Prostate level" was ordered.

As her supervisor, he was, and is, personally involved when he cosigned her paperwork, and showed his culpable connection for his inaction in the control of his subordinate. Roberto Garza knew that Elizabeth Osaade was a gate keeper who stood between the inmate and medical specialist's, and that the purpose of the intake H+P physical was to discover any, and all, health issues present so it could reach the right specialist for treatment, control or cure. Furthermore, in the "Prostate cancer Patient Guide", Page #13, provided to me by my provider, Cheryl Tessier, in December 2023, it states that when a PSA test is done, with an elevated velocity, it should

be compared with prior test results to determine the growth rate. Roberto Garza cosigned Elizabeth Osaades paperwork for H&P at 12:49 pm on 12-16-2022. On 05-30-2023, operating as my provider, filed an "Clinical Encounter - Administrative note" refering me to Urology with a priority of "Urgent" due to an elevated PSA level of 36.61. Had he gone back to review my prior PSA level, (5) five months and (2) two weeks prior, he would have easily seen that: Elizabeth Osaade stated that she ordered ALL recommended Labratory screening, of which, PSA Prostate Level is one, but no PSA for Prostate level was ordered even though he cosigned her paperwork claiming it had been. HE would have been alerted to her Lies and could have excersized control over his subordinate, yet he failed to do so. Had he done so, he could have abated the serious risks and corrected his cosigning of her falsified paperwork. Because he did not, (10) ten months and (1) one day would pass before it was discovered that their falsified paperwork hid the fact that I had cancer of the prostate, with (15) fifteen biopsies revealing 90% - 99% involvement, Bladder Cancer, Chronic Kidney disease stage 3A, and many other serious health concerns which have since caused me to wear a catheter for Nine months, undergone Hormone treatments, several major surgeries, am suffering severe trauma and side affects, All of which could have been prevented had the H&P paperwork been done honestly, The PSA for Prostate Level would have revealed this and perhaps avoided the surgical removal of said prostate. All of these actions by both defendants were done intentional, with knowledge that they both had an obligation and duty, yet chose to deliberately disregard those duties.

The end result of this violation would be the complete removal of my prostate, lymph nodes, vas deferens, seminal vesicles and perineural, all because of the spreading of cancer. Medical evidence can, and I believe, will, show that had the PSA for Prostate Level actually been done on 12-16-2022, which Elizabeth Osaade, and by cosign, Roberto Garza, both claimed was done, the elevated PSA, which at the very least, would have been 18.30, on that day, would have led to the discovery of Prostate Cancer before it had spread, and would have offered me other choices for treatment and/or cure. All of this was denied me, along with, Loss of chance. I will never be able to enjoy a female relationship, will never father a child, am unable to even feel a desire, or special moment, with the Loss of (5) five body parts. I Am mentally, emotionally, and physically, traumatized from all of this. Elizabeth Osaade's behavior, be it from Lack of training, or otherwise, I cannot say, but no one but she is responsible for deliberately lying during the H+P process, in clear and willful intent, as the truth clearly contradicts her, and Roberto Garza cosigned and supported her. Again, I state emphatically, that Elizabeth Osaade Lied when stating she performed a DRE "Digital Rectal Exam" and that my prostate was healthy, and all of the other Lies only lean towards my being truthful in all of my Allegations. I declare this under the penalty of perjury.

C. Has any court ever warned or notified you that sanctions could be imposed?     _____ YES  X NO

D. If your answer is "yes," give the following information for every lawsuit in which a warning was issued. (If more than one, use another piece of paper and answer the same questions.)

1. Court that issued warning (if federal, give the district and division):_____

2. Case number:_____

3. Approximate date warning was issued:_____

Executed on: __09-26-2024__

    DATE

__DONALD W. MANESS__

__Donald W. Maness__
        (Signature of Plaintiff)

## PLAINTIFF'S DECLARATIONS

1. I declare under penalty of perjury all facts presented in this complaint and attachments thereto are true and correct.
2. I understand, if I am released or transferred, it is my responsibility to keep the court informed of my current mailing address and failure to do so may result in the dismissal of this lawsuit.
3. I understand I must exhaust all available administrative remedies prior to filing this lawsuit.
4. I understand I am prohibited from bringing an *in forma pauperis* lawsuit if I have brought three or more civil actions or appeals (from a judgment in a civil action) in a court of the United States while incarcerated or detained in any facility, which lawsuits were dismissed on the ground they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am under imminent danger of serious physical injury.
5. I understand even if I am allowed to proceed without prepayment of costs, I am responsible for the entire filing fee and costs assessed by the court, which shall be deducted in accordance with the law from my inmate trust account by my custodian until the filing fee is paid.

Signed this __Thursday 26th__ day of __September__, 20 __24__.
        (Day)                    (month)              (year)

__DONALD W. MANESS__

__Donald W. Maness__
        (Signature of Plaintiff)

**WARNING: Plaintiff is advised any false or deliberately misleading information provided in response to the above questions may result in the imposition of sanctions. The sanctions the court may impose include, but are not limited to, monetary sanctions and the dismissal of this action with prejudice.**

5

United States District Court
Office of the Clerk
Northern District of TEXAS
1100 Commerce St., Room 1452
Dallas, TEXAS 75242-1310

RECEIVED

OCT 21 2024

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

October 11, 2024

3-24CV2650-G

DEAR District Clerk,

Please find enclosed (2) Two Prisoner's Civil Rights Complaint's, (1) one Forma Pauperis Application, and (1) one Six month Inmate Trust Fund statement. Thank you for your assistance in processing this matter.

Sincerely Submitted,

Donald Maness

Donald W. Maness
#574715  Polunsky Unit
3872 Fm 350 South
Livingston, TEXAS 77351

Donald W. Mangus #574715
Polunsky Unit
3872 Fm 350 South
Livingston, Texas 77351





RECEIVED-1

OCT 2 1 2024

MAILROOM



S

United States District Court
Office of the Clerk
Northern District of Texas
1100 Commerce St., Room 1452
Dallas, Texas 75242-1310