**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| DONALD WAYNE MANESS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:24-cv-2650-G-BT |
| | § | |
| ELIZABETH OSAADE, ROBERTO | § | |
| GARZA, and JOHN DOE, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

In this civil action under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), pro se Plaintiff Donald Maness alleges that Defendant Elizabeth Osaade, a nurse at FCI Seagoville, willfully falsified medical records and failed to order testing that would have revealed he had prostate cancer.[1] *See generally* Compl. (ECF No. 3); Resp. to Magistrate Judge Questionnaire ("MJQ") (ECF No. 6). Defendant Osaade moves to dismiss Maness's claims, arguing that Maness failed to plead adequate facts giving rise to a plausible *Bivens* claim or, if Maness does state a *Bivens* claim, that she is entitled to qualified immunity. *See* Mot. Dismiss (ECF No. 38). As explained below, Maness failed to state a plausible *Bivens* claim. So the District Judge should GRANT Osaade's motion (ECF No. 38) and DISMISS Maness's claims against her.

---

[1] Maness voluntarily dismissed his claims against Defendant Roberto Garza, a doctor at FCI Seagoville. *See* Mot. (ECF No. 51); Instruction (ECF No. 54).

1

## Background

Maness is currently an inmate in the Texas Department of Criminal Justice. *See generally* Compl. (ECF No. 3). From about December 5, 2022, to April 28, 2023, he was in custody at FCI Seagoville. *See id.*; *see also* Exs. ISO Compl. 9 (ECF No. 23).

Osaade conducted Maness's health intake evaluation, including a recorded health history and physical examination ("H&P"). *See* Compl. 3, 6, 7; *see also* Resp. to MJQ (ECF No. 6). Maness alleges that Osaade falsified medical records by documenting examinations that never occurred. Compl. 7–8; *see also* Resp. to MJQ 1–4. Maness alleges that Osaade documented a normal prostate following a digital rectal exam that Maness maintains never occurred. *See id.* at 4. Furthermore, although Osaade noted a PSA test was ordered, Maness alleges the test was never administered. *See id.*; *see also* Compl. 10.

Following his transfer from FCI Seagoville, Maness was diagnosed with prostate cancer, bladder cancer, and chronic kidney disease. Compl. 4, 7. Maness alleges that had Osaade performed a competent evaluation and accurately documented the H&P in December 2022, his cancer would have been detected earlier, allowing him to benefit from a broader range of treatment options. Compl. 7; Resp. to MJQ 3. Instead, he alleges, because of Osaade's deliberate indifference, his condition deteriorated, and he endured invasive biopsies, multiple surgeries, and the placement of a catheter. Compl. 10–11; Resp. to MJQ 3.

By this lawsuit, Maness seeks to hold Osaade liable for the injuries resulting from her alleged failure to provide adequate medical care. Compl. 8, 11.

### Legal Standards and Analysis

A *Bivens* claim is an implied private action for damages against federal officers—like Osaade, a nurse employed at FCI Seagoville—alleged to have violated a citizen's constitutional rights. *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001). The Supreme Court has approved a *Bivens* action under the Eighth Amendment against federal officials for failure to provide medical treatment. *See Carlson v. Green*, 446 U.S. 14 (1990); *see also Ziglar v. Abbasi*, 582 U.S. 120, 137 (2017) (recognizing from *Carlson* the existence of a *Bivens* claim "for failure to provide medical care").[2]

Prison officials have a duty to provide constitutionally adequate medical care. *Rogers v. Boatright*, 709 F.3d 403, 409 (5th Cir. 2013). An inmate seeking to establish a violation regarding medical care must allege facts showing that prison officials were deliberately indifferent to his serious medical needs. *Morris v. Livingston*, 739 F.3d 740, 747 (5th Cir. 2014) (explaining that because only the unnecessary and wanton infliction of pain implicates the Eighth Amendment, a

---

[2] Maness alleges he was a pretrial detainee when Osaade treated him. Compl. at 6. The Fifth Amendment Due Process Clause applies to federal pretrial detainee medical indifference claims, not the Eighth Amendment. *See Burk v. LaSalle Corr. V, LLC*, 2026 WL 194941, at *7 (W.D. Tex. Jan. 20, 2026), *rec. adopted* 2026 WL 542700 (W.D. Tex. Feb. 26, 2026); *see also Edwards v. Johnson*, 209 F.3d 772, 778 (5th Cir. 2000). Nevertheless, the same deliberate indifference standard applies whether the individual is a pretrial detainee or a convicted prisoner. *Gibbs v. Grimmette*, 254 F.3d 545, 548 (5th Cir. 2001).

prisoner advancing such a claim must, at a minimum, allege deliberate indifference to his serious medical needs). "A serious medical need is one for which treatment has been recommended or for which the need is so apparent that even laymen would recognize that care is required." *Gobert v. Caldwell*, 463 F.3d 339, 345 n.12 (5th Cir. 2006).

"Deliberate indifference is an 'extremely high' standard to meet," *Brewster v. Dretke*, 587 F.3d 764, 770 (5th Cir. 2009), and requires satisfaction of both an objective and a subjective component. *Rogers*, 709 F.3d at 410. An inmate must first prove an objective exposure to a substantial risk of serious bodily harm. *Gobert*, 463 F.3d at 345–46. As to the subjective component, a prison official acts with deliberate indifference only where he (1) knows the inmate faces a substantial risk of serious harm and (2) disregards that risk by failing to take reasonable measures to abate it. *Id.* at 346; *see also Harris v. Hegmann*, 198 F.3d 153, 159 (5th Cir. 1999) (stating a prison official is not liable for the denial of medical treatment unless he "knows of and disregards an excessive risk to inmate health or safety").

A prison official's "failure to alleviate a significant risk that the official should have perceived, but did not, is insufficient to show deliberate indifference." *Domino v. Texas Dep't of Crim. Just.*, 239 F.3d 752, 756 (5th Cir. 2001) (quoting *Farmer v. Brennan*, 511 U.S. 825, 838 (1994)) (alterations and internal quotation marks omitted). "[D]eliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious

harm." *Thompson v. Upshur Cnty., Tex.*, 245 F.3d 447, 459 (5th Cir. 2001). Instead, a prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Brewster*, 587 F.3d at 770 (quoting *Farmer*, 511 U.S. at 837); *see Lawson v. Dallas Cnty.*, 286 F.3d 257, 262 (5th Cir. 2002) (noting that deliberate indifference is a "subjective inquiry" and inmate must show prison official was actually aware of risk of harm and consciously ignored it).

Allegations of malpractice, negligence, or unsuccessful treatment fail to establish deliberate indifference. *Gobert*, 463 F.3d at 346. Similarly, an inmate's disagreement with the treatment provided does not give rise to a constitutional claim. *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997). "Even if a lapse in professional judgment occurred, any such failure amounts to mere negligence or malpractice, and not a constitutional violation." *Evans v. Brouwer*, No. 9:13-CV-302, 2017 WL 4216067, at *1 (E.D. Tex. Sept. 22, 2017) (internal citations omitted).

And, even in the context of a misdiagnosed condition causing irreversible injury to a prisoner, "inadvertent failure to provide adequate medical care, i.e., negligence, does not constitute an unnecessary and wanton infliction of pain." *Gordon v. Texas*, 12 F.3d 208 (5th Cir. 1993) (per curiam). Further, medical judgment about whether to recommend specialized care does not establish deliberate indifference. *See Jenkins v. United States*, 733 F. App'x 218, 219 (5th Cir. 2018). In sum, an inmate must demonstrate that prison staff "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in

5

any similar conduct that would clearly evince a wanton disregard for any serious medical needs" to state a viable claim for deliberate indifference to serious medical needs. *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985).

Maness fails to plausibly allege deliberate indifference to his serious medical needs. He alleges no facts showing Osaade—who saw Maness only for his intake evaluation—subjectively understood him to face a serious risk of cancer and failed to take reasonable measures to abate it. Nor does he allege facts that would give rise to an inference that it was obvious he should be screened for cancer. For example, he does not allege that he made any complaints that would suggest an issue with his prostate or his bladder or that he presented with any history or symptoms of cancer, such as difficulty or pain when urinating or blood in his urine. Instead, he alleges that Osaade inaccurately recorded his H&P and failed to perform or order certain specific tests to screen for cancer that he thinks should have been done—although she ordered other lab tests. *See generally* Exs. ISO Compl. (ECF No. 23).[3]

---

[3] To the extent that Maness alleges that Osaade, for some unexplained reason, lied about Maness's health status and the treatment she provided, or falsified his medical records, he provides no facts making these wholly conclusory allegations plausible. The Court need not credit such conclusory and implausible allegations under Rule 12(b)(6). *See, e.g.*, *Grizzle v. McIntire*, No. 5:22-CV-017-BQ, 2022 WL 17818101, at *13 (N.D. Tex. Oct. 31, 2022) ("And to the extent Grizzle bases this claim on Defendant Brown's alleged lie, Grizzle fails to state a claim. Because Grizzle offers no facts in support of his belief that Defendant Brown lied about his suicidal thoughts.... Grizzle's allegations are too conclusory to survive screening.") (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (further citation omitted); *see also Al-Ra'id v. Ingle*, 69 F.3d 28, 32 (5th Cir. 1995) (conclusory allegations insufficient to show deliberate indifference or any other constitutional violation).

These facts fail to show deliberate indifference. Maness's theory that Osaade had an obligation "to discover any and all health-related issues and direct it to the proper specialist for care" is wrong as a matter of law. *See* Resp. 2. (ECF No. 45). The Constitution does not entitle Maness to all the medical treatment he desires on demand. *See Mayweather v. Foti*, 958 F.2d 91, 91 (5th Cir. 1992) (holding that pretrial detainee was not entitled to the best medical treatment money can buy). Nor is an inmate entitled to perfect medical care. On the contrary, the federal Constitution does not even require that an inmate's medical care be free from negligence or medical malpractice. *Hall v. Thomas*, 190 F.3d 693, 697–98 (5th Cir. 1999).

Maness's complaints about the care that he received at FCI Seagoville establish only a disagreement with his medical treatment or, at most, negligence— neither of which demonstrates deliberate indifference. *See Alvarez v. City of Brownsville*, 904 F.3d 382, 391 (5th Cir. 2018) (en banc) ("Deliberate indifference is a degree of culpability beyond mere negligence or even gross negligence; it must amount to an intentional choice, not merely an unintentionally negligent oversight.") (quoting *James v. Harris Cnty.*, 577 F.3d 612, 617–18 (5th Cir. 2009)); *see also Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) ("Unsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment, absent extraordinary circumstances.") (citations omitted). Thus, Maness fails to state a claim for deliberate indifference to his medical needs.

**Leave to Amend**

Ordinarily, "a pro se litigant should be afforded an opportunity to amend his complaint before it is dismissed." *Brewster*, 587 F.3d at 767–68. Even so, the Court need not grant leave to amend "if the plaintiff has already pleaded his 'best case.'" *Id.* at 768.

Maness responded to an MJQ that advised him to set out all facts in support of his claim, allowing him to plead his best case. *See Nixon v. Abbott*, 589 F. App'x 279 (5th Cir. 2015) (per curiam) (responding to the MJQ is an acceptable method for a pro se litigant to develop the factual basis of his complaint). And the time to file objections to this recommendation (further explained below) allows Maness yet another opportunity to show the Court that this case should not be dismissed with prejudice, and that the Court should instead grant him leave to amend. *See Scott v. U.S. Bank Nat'l Ass'n*, 16 F.4th 1204, 1209 (5th Cir. 2021), *as revised* (Nov. 26, 2021) (per curiam) ("A court should freely give leave to amend when justice so requires, but a movant must give the court at least some notice of what his or her amendments would be and how those amendments would cure the initial complaint's defects. If the plaintiff does not provide a copy of the amended complaint nor explain how the defects could be cured, a district court may deny leave.").

If Maness fails to show that further leave to amend should be granted, the Court should dismiss this case with prejudice.

8

## Recommendation

For the reasons stated, the District Judge should **GRANT** Defendant Elizabeth Osaade's Motion to Dismiss (ECF No. 38) and dismiss Maness's claims against Osaade with prejudice unless, within the time to file objections, Maness shows a basis to grant leave to further amend the complaint.

**SO RECOMMENDED.**

March 6, 2026.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district judge, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).