IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DONALD WAYNE MANESS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | CIVIL ACTION NO. |
| | ) | |
| ELIZABETH OSAADE, ROBERTO | ) | 3:24-CV-2650-G-BT |
| GARZA, and JOHN DOE, | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Before the court are the Findings, Conclusions, and Recommendation of the United States Magistrate Judge, dated March 6, 2026. *See* docket entry 56. The plaintiff filed objections. *See* docket entry 57. The court has made a *de novo* review of those portions of the Findings, Conclusions, and Recommendation to which objections were made. The objections are overruled. The court reviewed the remaining portions of the Findings, Conclusions, and Recommendation for plain error. Finding none, the court **ACCEPTS** the Findings, Conclusions, and Recommendation of the United States Magistrate Judge.

In his objection, the plaintiff seeks leave to amend his complaint. *See* docket entry 57. Generally, a *pro se* litigant should be offered an opportunity to amend his

complaint before it is dismissed.  See *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir.) (per curiam), *cert. denied*, 525 U.S. 865 (1998).  And a court should freely give leave to amend when justice so requires.  FED. R. CIV. P. 15(a)(2).  Accordingly, the plaintiff will be allowed an opportunity to amend his complaint to cure the pleading defects identified by the court.  This amendment will be the plaintiff's one opportunity to plead his best case.

**The plaintiff shall have thirty (30) days from receipt of this Order to file his amended pleading.**  If no amended pleading is filed, this case will be dismissed with prejudice.

**SO ORDERED**.

March 25, 2026.

_____
**A. JOE FISH**
**Senior United States District Judge**